UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DEOZ MILLER-HARRIS,

                      Plaintiff,                Civil Action No. 9:22-cv-1363 (TJM-DJS)

        v.                                      ANSWER

COUNTY OF ONONDAGA, et al.,

                                     JURY TRIAL DEMANDED

                Defendants.

_____

      The COUNTY OF ONONDAGA, DUSTIN SADDOCK, AMY BURTON, THOMAS FODARO III, RYAN WHITMORE and ANTHONY TINEO (defendants), as an answer to the complaint (Doc. 1) of plaintiff Deoz Miller-Harris (plaintiff), state on information and belief:

      1.  Defendants deny the allegations contained in the paragraphs numbered 1, 2, 3, 5, 10, 12, 13, 16, 19, 20, 21, 22, 25, 33, 35, 36, 37, 38, 39, 41, 42, 43, 44, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100 and 101.

      2.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint numbered 4, 7, 8, 14, 15, 17, 18, 23, 24, 26, 27, 28, 29, 30, 31, 32, 34, 40 and 45, and therefore deny them.

      3.  Defendants admit the allegation contained in the paragraph of the complaint numbered 6.

      4.  Defendants admit so much of the paragraph of the complaint numbered 9 as alleges Onondaga County is a municipal entity, but denies all other allegations contained in it.

      5.  Defendants admit so much of the paragraph of the complaint numbered 11 as alleges

the Onondaga County Sheriff's Office is a department of Onondaga County, but denies all other allegations contained in it.

6.   Defendants deny any and all allegations not otherwise specifically addressed herein.

## FIRST DEFENSE

7.   Any act or omission of defendants, its employees and/or agents was a reasonable, in good faith, and discretionary act or omission in the performance of a governmental function.

8.   Defendants have immunity from a claim of plaintiff's damages arising out of defendants' reasonable, in good faith, and discretionary acts or omissions in the performance of a governmental function.

9.   Plaintiff's action may not be prosecuted or maintained against defendants as a result of this immunity.

## SECOND DEFENSE

10. Defendant Onondaga County Sheriff's Office (OCSO) does not have a legal identity different from defendant County of Onondaga.

11. OCSO does not have the legal capacity to sue or be sued.

12. Plaintiff's claims against OCSO are duplicative of plaintiff's claims against defendant County of Onondaga.

13. Plaintiff's action on such claims may not be prosecuted or maintained against OCSO.

## THIRD DEFENSE

14. Defendant Onondaga County is a political subdivision of the state.

15. Punitive damages may not be assessed against defendant Onondaga County, nor against any of its employees.

## FOURTH DEFENSE

16. Plaintiff's economic loss was or will be replaced or indemnified from collateral sources.

17. The amount of damages for economic loss otherwise recoverable by plaintiff shall be diminished by the amount of plaintiff's economic loss that was or will be replaced or indemnified from collateral sources.

## FIFTH DEFENSE

18. Plaintiff's claims against defendant must fail because of a lack of personal involvement by the defendants and/or their employees and agents.

## SIXTH DEFENSE

19. The complaint fails to sufficiently allege the existence of a custom, policy or practice of the defendants that would support a claim under 42 U.S.C. §1983.

## SEVENTH DEFENSE

20. The complaint fails to state a cause of action upon which relief may be granted.

## EIGHTH DEFENSE

21. Any personal injury of plaintiff occurred while plaintiff was engaged in acts involving a substantial violation of state and/or federal law.

22. Any personal injury of plaintiff was caused by acts of plaintiff that involved a substantial violation of state and/or federal law.

23. Public policy prohibits the court's awarding damages for personal injury of plaintiff occurring while plaintiff was engaged in acts involving a substantial violation of state and/or federal law.

24. Public policy prohibits the court's awarding damages for personal injury

of plaintiff caused by acts of plaintiff that involved a substantial violation of state and/or federal law.

25. Any claim for personal injury of plaintiff may not be prosecuted or maintained because of public policy.

### NINTH DEFENSE

26. Plaintiff has failed to properly serve defendants with a summons and complaint and jurisdiction has not been obtained over them.

### TENTH DEFENSE

27. Plaintiff has failed to comply with the applicable statute of limitations.

### DEMAND FOR RELIEF

28. The defendants demand a judgment that the complaint against defendants be and is dismissed.

29. Defendants demand a judgment that plaintiff's economic loss was or will be replaced or indemnified from collateral sources and the amount of damages for economic loss otherwise recoverable by plaintiff be and is diminished by the amount of plaintiff's economic loss that was or will be replaced or indemnified from collateral sources.

30. Defendants demand a judgment that they recover from plaintiff the costs and disbursements of this action.

31. Defendants request such other and further relief in their favor the Court deems just and proper.

Dated: February 1, 2023
Syracuse, New York

John A. Sickinger
Senior Deputy County Attorney
Bar Roll No. 513595
*Attorney for Defendants Onondaga County,*
*Dustin Saddock, Amy Burton, Thomas*
*Fodaro III, Ryan Whitmore and Anthony*
*Tineo*
Onondaga County Department of Law
John H. Mulroy Civic Center, 10th Floor
421 Montgomery Street
Syracuse, New York 13202
Telephone: (315) 435-2170
Fax: (315) 435-5729
johnsickinger@ongov.net