UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEOZ MILLER-HARRIS<br><br>　　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>THE COUNTY OF ONONDAGA; SGT. SADDOCK; DEP. WHITMORE; DEP. TINEO; DEP. FODARO; DEP. BURTON; DEP. HUJDUR; DEP. QUIGLEY; JOHN DOES 1–3;<br><br>　　　　　　　　　　Defendants. | Case No. 22-cv-01363-TJM-DJS<br><br>**FIRST AMENDED COMPLAINT** |

　　　Plaintiff Deoz Miller-Harris ("Plaintiff"), by his attorneys at Rickner PLLC, complaining of the Defendants, alleges, upon information and belief and personal knowledge:

## NATURE OF THE CASE

　　　1. This is a civil rights action brought against the County of Onondaga and the Onondaga County's Sherriff's Department, who violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York, and committed torts actionable under the common laws and statutes of the State and New York.

## JURISDICTION

　　　2. This action is brought pursuant to 42 U.S.C. §§ 1983 for violations of Plaintiff's rights under the Constitution of the United States, Plaintiff's rights under Article 1, Section 12 of the Constitution of the State of New York, and the common laws of the State and New York.

　　　3. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

　　　4. Pursuant to New York State General Municipal Law § 50-e, Plaintiff filed a timely Notice of Claim with the Onondaga County and the County Sherriff's Office.

　　　5. Despite this timely notice, the County did not schedule a hearing of Plaintiff pursuant

1

to General Municipal Law § 50-h, constituting waiver of its entitlement to this pre-action hearing.

6. Plaintiff's claims have not been adjusted by the County within the period of time provided by statute.

## JURISDICTION & VENUE

7. Venue is properly laid in the United States District Court for the Northern District of New York because the Plaintiff's claims arose in the County of Onondaga, which is within the jurisdictional limits of the Northern District.

## PARTIES

8. Plaintiff is, and was at all times relevant to this action, a resident the State of New York.

9. Defendant the County of Onondaga ("County") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement, for which it is ultimately responsible.

10. The Onondaga County Sherriff's Office ("OCSO") is a sub-agency of Defendant County, which maintains and controls the Onondaga County Justice Center ("OCJC"), the detention facility in which Plaintiff was assaulted.

11. Defendant County assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by police.

12. Defendant Sergeant Dustin Saddock (hereinafter "Saddock") was at all relevant times described herein an OCSO officer working at OCJC and employed by Defendant County. At all relevant times described herein, he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

13. Under New York law, Sergeant Saddock is entitled to indemnification by the County for any liability arising from his conduct described herein.

14. Sergeant Saddock is also entitled to indemnification by the County, pursuant to contract, for any liability arising from his conduct described herein.

15. Defendant Deputy Ryan Whitmore (hereinafter "Whitmore") was at all relevant times described herein an OCSO officer, working at OCJC, and employed by Defendant County. At all relevant times described herein, he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

16. Under New York law, Deputy Whitmore is entitled to indemnification by the County for any liability arising from his conduct described herein.

17. Deputy Whitmore is also entitled to indemnification by the County, pursuant to contract, for any liability arising from his conduct described herein.

18. Defendant Deputy Anthony Tineo (hereinafter "Tineo") was at all relevant times described herein an OCSO officer, working at OCJC, and employed by Defendant County. At all relevant times described herein, he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

19. Under New York law, Deputy Tineo is entitled to indemnification by the County for any liability arising from his conduct described herein.

20. Deputy Tineo is also entitled to indemnification by the County, pursuant to contract, for any liability arising from his conduct described herein.

21. Defendant Deputy Thomas Fodaro, first name unknown, (hereinafter "Fodaro") was at all relevant times described herein an OCSO officer, working at OCJC, and employed by Defendant County. At all relevant times described herein, he was acting under color of New York

state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

22. Under New York law, Deputy Fodaro is entitled to indemnification by the County for any liability arising from his conduct described herein.

23. Deputy Fodaro is also entitled to indemnification by the County, pursuant to contract, for any liability arising from his conduct described herein.

24. Defendant Deputy Amy Burton (hereinafter "Burton") was at all relevant times described herein an OCSO officer, working at OCJC, and employed by Defendant County. At all relevant times described herein, she was acting under color of New York state law, and acting in the course and scope of her duties. She is sued in his individual capacity.

25. Under New York law, Deputy Burton is entitled to indemnification by the County for any liability arising from her conduct described herein.

26. Deputy Burton is also entitled to indemnification by the County, pursuant to contract, for any liability arising from her conduct described herein.

27. Defendant Deputy Vedad Hujdur (hereinafter "Hujdur") was at all relevant times described herein an OCSO officer, working at OCJC, and employed by Defendant County. At all relevant times described herein, he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

28. Under New York law, Deputy Hujdur is entitled to indemnification by the County for any liability arising from his conduct described herein.

29. Deputy Hujdur is also entitled to indemnification by the County, pursuant to contract, for any liability arising from his conduct described herein.

30. Defendant Deputy James Quigley (hereinafter "Quigley") was at all relevant times described herein an OCSO officer, working at OCJC, and employed by Defendant County. At all

relevant times described herein, he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

31. Under New York law, Deputy Quigley is entitled to indemnification by the County for any liability arising from his conduct described herein.

32. Deputy Quigley is also entitled to indemnification by the County, pursuant to contract, for any liability arising from his conduct described herein.

33. Defendant John Does No. 1–3 were, at all relevant times described herein, OCSO officers working at OCJC, employed by the County. At all relevant times described herein, the Doe Defendants were acting under color of New York state law and acting in the course and scope of the duties attendant to their employment. Each is sued in an individual capacity.

34. The trues name of the Doe Defendants are not currently known to Plaintiff. However, each is an employee or agent of the County. Accordingly, each is entitled to representation in this action by the County upon request, pursuant to New York State General Municipal Law§ 50-k. The County, then, is hereby put on notice that: (a) Plaintiff intends to name said officer(s) as defendant(s) in an amended pleading once their true names are known; and (b) that the County should immediately begin preparing the Doe Defendants' defense in this action.

35. Collectively, Defendants Saddock, Whitmore, Tineo, Fodaro, Burton, Hujdur, Quigley, and Does 1–3 are referred to as the "Individual Defendants."

36. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the County, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the County at all times relevant herein, with the power and authority vested in them as

officers, agents and employees of the County, and incidental to the lawful pursuit of their duties as officers, employees and agents of the County.

37. At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

38. On or about September 16, 2021, at approximately 9:40 a.m. on the Second Floor of OCJC, Plaintiff was brutally attacked, assaulted, and battered by the Individual Defendants without cause, justification, or any other lawful authority.

39. After a fight broke out in the unit, Plaintiff was ordered to face the wall and then was ordered to lay on his ground.

40. While Plaintiff was attempting to comply with these commands, several witnesses saw Defendant Saddock approach Plaintiff and immediately throw him to the ground, repeatedly slamming Plaintiff's head on the floor.

41. The Individual Defendants placed Plaintiff in restraints at the wrists, waist, and legs, and began escorting Plaintiff to his cell while blood ran from his face.

42. While Plaintiff remained cuffed, the Individual Defendants again slammed Plaintiff against the wall and assaulted him a second time, punching and hitting him.

43. Plaintiff's cries of pain could be heard throughout the unit as he repeatedly told the officers he was in pain and could not breathe.

44. The Individual Defendants continued their brutal attack until Plaintiff began seizing and appeared unresponsive, at which point the officers carried him back down the stairs and threw him onto the ground, where he remained for 30–45 minutes for EMS to arrive.

6

45. Plaintiff required intubation when he was finally brought to the hospital. He suffered multiple post-assault seizures, and remained in the Intensive Care Unit for several days before he could be relieved of the ventilator.

46. Upon discharge from the hospital, Plaintiff had difficulty receiving his medications from OCJC, further exacerbating his conscious pain and suffering.

47. Following this brutal use of unnecessary force, Plaintiff was unlawfully charged with institutional violations related to the incident, despite being the victim of the assault.

48. Plaintiff was threatened by one or more of Individual Defendants, who forced Plaintiff to plead guilty and take 45 days of segregated confinement under threat of receiving an entire year in "the box" if he plead not guilty.

49. Plaintiff was caused to suffer increased restrictions on his liberty, lost access to programming and other services, and remained under constant threat and harassment from the Individual Defendants during this unlawful disciplinary confinement.

50. Plaintiff grieved the incident multiple times to no avail.

51. Several weeks later, Plaintiff encountered Saddock, who mocked Claimant and made comments that he was awarded "employee of the month" after the assault, further evidencing his unlawful intent and complete disregard for Plaintiff's constitutional rights.

52. Plaintiff continues to suffer the physical and psychological effects of this brutal attack to this day.

**THE INJURIES TO PLAINTIFF**

53. This action seeks damages on behalf of Plaintiff for the extraordinary emotional pain and suffering, loss of liberty, and injuries to his person, that Plaintiff was forced to endure as a consequence of the Individual Defendants' decidedly wrongful actions.

54. These damages include, but are not limited to: bruising; facial lacerations requiring sutures; a nasal fracture, bleeding from the mouth and nose; multiple seizures; back pain; loss of consciousness; impaired neurological function; blurry vision; dizziness; poor sleep; fatigue; fear and anxiety; and, loss of enjoyment of life.

55. The Individual Defendants' actions were wanton, reckless, and malicious, as well as in blatant disregard of Plaintiff's civil rights, and as such the Individual Defendants are liable for punitive damages, as is the County under the doctrine of *respondeat superior*.

56. All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

### FIRST CLAIM FOR RELIEF:
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
### AGAINST THE INDIVIDUAL DEFENDANTS

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

58. The Individual Defendants used unnecessary and excessive physical force on Plaintiff.

59. Even if initial force was necessary to restrain Plaintiff, the use of further, excessive, or gratuitous force was violative of Plaintiff's federal constitutional rights.

60. By virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived civil rights guaranteed under the United States Constitution, and the Individual Defendants are therefore liable to Plaintiff for damages under 42 U.S.C. § 1983.

61. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and increased restrictions on his liberty.

62. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

**SECOND CLAIM FOR RELIEF:
DUE PROCESS VIOLATIONS UNDER 42 U.S.C. § 1983
AGAINST THE INDIVIDUAL DEFENDANTS**

63. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

64. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

65. The Individual Defendants provided false evidence and statements to the justify Plaintiff's disciplinary confinement, and threatened Plaintiff with significantly harsher punishment should he exercise his right to plead not guilty in the disciplinary process, in violation of Plaintiff's constitutional right to due process.

66. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of due process and trial rights guaranteed under the United States Constitution, and the Individual Defendants are therefore liable to Plaintiff for damages under 42 U.S.C. § 1983.

67. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and increased restrictions on his liberty.

68. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

**THIRD CLAIM FOR RELIEF:
FAILURE TO INTERVENE AND CONSPIRACY UNDER 42 U.S.C. § 1983
AGAINST THE INDIVIDUAL DEFENDANTS**

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

70. The Individual Defendants failed to intervene to prevent, end or report the unlawful and unconstitutional conduct to which Plaintiff was subjected despite the fact that they had

opportunities to do so.

71. The Individual Defendants thereby displayed deliberate indifference to Plaintiff's constitutional rights.

72. The Individual Defendants also agreed among themselves and with other individuals to act in concert, and thus conspired to deprive Plaintiff of clearly established civil rights.

73. By virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Constitution of the United States, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 USC § 1983.

74. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and increased restrictions on his liberty.

75. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

**FOURTH CLAIM FOR RELIEF:**
**ASSAULT AGAINST THE COUNTY DEFENDANT AND INDIVIDUAL DEFENDANTS**

76. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

77. The Individual Defendants intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, and that such acts caused apprehension of such contact in the Plaintiff.

78. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and increased restrictions on his liberty.

79. As a result of the above tortious conduct, the Individual Defendants are liable for punitive damages.

80. The County is also liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

## FIFTH CLAIM FOR RELIEF:
## BATTERY AGAINST THE COUNTY DEFENDANT AND INDIVIDUAL DEFENDANTS

81. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

82. The Individual Defendants intentionally, willfully and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner struck Plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact, and causing such contact.

83. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and increased restrictions on his liberty.

84. As a result of the above tortious conduct, the Individual Defendants are liable for punitive damages.

85. The County is also liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

## SIXTH CLAIM FOR RELIEF:
## SEVENTHFALSE IMPRISONMENT AGAINST THE COUNTY DEFENDANT AND INDIVIDUAL DEFENDANTS

86. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

87. Plaintiff was unlawfully detained or over-detained as a result of the assault by the Individual Defendants and the unlawful disciplinary process that followed.

88. At all times hereinafter mentioned, the restrictive confinement and restraint of liberty was not otherwise privileged.

89. Plaintiff was conscious of the confinement and did not consent to such confinement.

90. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and increased restrictions on his liberty.

91. As a result of the above tortious conduct, the Individual Defendants are liable for punitive damages.

92. The County is also liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

### SEVENTH CLAIM FOR RELIEF:
### NEGLIGENT SUPERVISION, TRAINING, RETENTION, AND DISCIPLINE AGAINST THE COUNTY DEFENDANT

93. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

94. The County Defendant negligently supervised, trained, retained, and disciplined the Individual Defendants.

95. The acts and conduct of the Individual Defendants were the direct and proximate cause of injury and damage to Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York, and torts actionable under the common laws and statutes of the State and New York.

96. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and increased restrictions on his liberty.

97. The County is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

### EIGHTH CLAIM FOR RELIEF:
### VIOLATION OF ARTICLE I, § 12 OF THE NEW YORK STATE CONSTITUTION AGAINST THE DEFENDANT COUNTY AND INDIVIDUAL DEFENDANTS

98. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the

above paragraphs with the same force and effect as if fully set forth herein.

99. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to his right to be free from excessive or gratuitous force and his right to due process.

100. As a direct and proximate result of defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution.

101. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and increased restrictions on his liberty.

102. As a result of the above unconstitutional conduct, the Individual Defendants are liable to Plaintiff for punitive damages.

103. The County is also liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all Defendants:
   a. Compensatory damages;
   b. Punitive damages;
   c. The convening and empaneling of a jury to consider the merits of the claims herein;
   d. Costs and interest and attorney's fees;
   e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       October 5, 2023

Rickner PLLC

By: _____
    Sara Wolkensdorfer

14 Wall St, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*