# COUNTY OF ONONDAGA



**J. Ryan McMahon, II**  
County Executive

**Robert A. Durr**  
County Attorney

## DEPARTMENT OF LAW
John H. Mulroy Civic Center, 10th Floor  
421 Montgomery Street  
Syracuse, New York 13202  
Telephone: (315) 435-2170  
Fax: (315) 435-5729

April 16, 2024

*Via CM/ECF*

Hon. Daniel J. Stewart  
United States Magistrate Judge  
United States District Court, Northern District of New York  
445 Broadway  
Albany, New York 12207

Re:   *Miller-Harris v. County of Onondaga, et al.*  
   United States District Court, Northern District of New York  
   Civil Action No. 9:22-cv-01363-TJM-DJS

Dear Judge Stewart:

I represent Defendants Onondaga County and the individually-named Onondaga County Sheriff's Deputies in the above-referenced matter. I write to advise the Court of a new development that I believe will impact the progress of the parties in completing discovery.

Late last week, I learned of a potential conflict of interest that arose on or about April 10, 2024. This conflict of interest may impact my office's ability to continue as counsel for the defendants in this matter. While the conflict does not involve any allegation of wrongdoing or impropriety by the sheriff's deputies who are defendants in this matter, it may force our office to retain outside counsel to represent the defendants going forward.

Upon learning of this potential conflict, on April 12, 2024, I promptly notified the plaintiff's counsel of the potential conflict and contacted your courtroom deputy to inquire as to how I should best notify the Court of this development. Yesterday, in response to the voicemail I left for your courtroom deputy on April 12, I received a call from your law clerk, Jerry Rock. I spoke to Mr. Rock and described in detail the potential conflict and the specific facts surrounding it. Mr. Rock suggested that I write to the Court to notify you of the existence of the potential

Hon. Daniel J. Stewart
April 16, 2024
Page 2

conflict. I also advised him that we would file a substitution of counsel or move to withdraw as counsel if we determined that the potential conflict prevents us from continuing as counsel for the defendants.

Our office is currently determining whether we will be able to continue as counsel for the defendants in this matter. We are also exploring whether the potential conflict may be waivable and whether our client will sign a conflict waiver if it is. Additionally, we are exploring whether we may retain outside counsel experienced in these matters to provide us an opinion letter as to whether a conflict exists, and if so, whether it is waivable. I will update the Court further as soon as we resolve those issues.

If it is determined that new counsel is required for the defendants, pursuant to County purchasing regulations, the County may be required to utilize a competitive bidding process before retaining outside counsel, and this may delay our ability to quickly turn the matter over to new counsel.

Unfortunately, we do not believe it is appropriate for us to take any further action with respect to completing discovery until the issue of the potential conflict is resolved. Certainly, if somehow we are able to remain as counsel for the defendants we will work expeditiously to complete discovery, but completing discovery—especially the plaintiff's deposition—by the present deadline of April 30 will likely not be feasible in light of this new development.

I will advise the Court of our proposed plans moving forward as soon as we have more clarity on how we will be required to proceed.

Thank you for your review of the foregoing.

                              Respectfully,

                              John A. Sickinger
                              Senior Deputy County Attorney
                              Bar Roll Number 513595

JAS/

cc:    Sara Wolkensdorfer, Esq. (Via CM/ECF)
        Robert Rickner, Esq. (Via CM/ECF)