**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

DEOZ MILLER-HARRIS,

               Plaintiff,

        -v-                                9:22-CV-1363 (AJB/DJS)

THE COUNTY OF ONONDAGA *et al*.,

               Defendants.
_____

**Hon. Anthony Brindisi, U.S. District Judge:**

## <u>ORDER SCHEDULING JURY TRIAL</u>

All pre-trial deadlines having expired in the above-captioned case, based on a pre-trial scheduling conference conducted with the parties on May 22, 2025, and after consideration of plaintiff's[1] status report, Dkt. No. 102, this matter is designated "trial ready."

Therefore, it is

ORDERED that

1.  A jury trial in this case shall begin on **<u>Monday, November 3, 2025, at 9:00 a.m.</u>**, in Utica, New York, before the Honorable Anthony Brindisi;

2.  If settlement, postponement, or some other factor causes this case to be removed from the trial-ready calendar on or after **<u>Thursday, October 30, 2025 at 4:00 p.m.</u>**, the Court may assess juror costs against the parties as a sanction pursuant to Local Civil Rule 47.3;

---

[1] The parties were given until June 2, 2025, to confirm the availability of their expert witnesses for trial. Dkt. No. 101.

3.  All counsel shall appear IN PERSON for a final pre-trial conference on **Tuesday, October 21, 2025, at 2:00 p.m.** in the 3rd floor courtroom of the Alexander Pirnie Federal Building & U.S. Courthouse at 10 Broad Street in Utica, New York;

4.  All pre-trial submissions, including any motions *in limine*, must be filed on or before **Friday, September 26, 2025, at 5:00 p.m.**, and any responses to motions *in limine* must be filed on or before **Friday, October 3, 2025, at 5:00 p.m.**;

5.  All pre-trial submissions shall be filed electronically with the Clerk's Office, with a copy served on opposing counsel (except as otherwise instructed *infra*), and shall include[2] the following materials:

   (A)   <u>Joint Pre-Trial Stipulation</u>.  A joint pre-trial stipulation shall be subscribed by counsel for all parties and shall contain:

   (i)   The basis of federal jurisdiction;

   (ii)   A list of all exhibits that can be stipulated into evidence or that will be offered without objection as to foundation;

   (iii)   Relevant (a) undisputed facts, (b) disputed facts, and (c) issues of law to be considered and applied by the Court; and

   (iv)   A brief synopsis of the plaintiff's claim(s) and any defense(s), which may be read to prospective jurors before *voir dire*.

   (B)   <u>Witnesses</u>.  Counsel shall file a list of witnesses that may be called to testify at trial other than solely for impeachment purposes.  The witness list must include the following information:

   (a)   The name and address of each witness (city, state) and title (if applicable).  This filing should separately identify those whom the party expects to present and those whom the party may call if the need arises.  This filing should include a brief summary of each witness's anticipated testimony.

   **NOTE**:   Personal privacy protections may apply to the disclosure of this information.  *See* Local Civil Rule 8.1; General Order #22.

---

[2] To the extent that the requirements of this Order are inconsistent with the uniform pre-trial scheduling order, Dkt. No. 12, or with any other order previously entered in this action, this Order controls.

      (b)    The designation of any witnesses whose testimony is expected to be presented by means of a deposition (including by videotaped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered.

**NOTE:**    **The unavailability of any witness, expert or otherwise, will not be grounds for a continuance.**  Where appropriate, counsel shall preserve any unavailable witness's testimony before the trial date by written or videotaped deposition (*see* Paragraph E, *infra*).

(C)    <u>Exhibits</u>.

    (i)    <u>Binders</u>.  All documents and/or papers intended as exhibits or to be used during the course of the trial, including but not limited to any documents, photographs, charts, diagrams, etc., shall be:

      (a)    Inspected by the opposing party and copied at their expense (unless waived), no later than **<u>one week</u>** prior to the final pre-trial conference date set forth in ¶ 3, *supra*;

      (b)    Marked for identification in the manner prescribed below (*see* Paragraph (C)(iii), *infra*); and

      (c)    Assembled in **<u>BINDERS</u>** with each document marked at the lower right corner for identification purposes.  Counsel must provide a **<u>separate</u>** binder with **<u>two</u>** complete sets of exhibits for the Courtroom Deputy Clerk and for the Court at the beginning of the trial.

**NOTE:**    The Courtroom Deputy Clerk shall take charge of exhibits that are received into evidence during the course of trial.  At the conclusion of trial, the Courtroom Deputy will return all of the exhibits to the proper parties.  **<u>It is the parties' responsibility to maintain the exhibits and to produce the exhibits for appeal.</u>**

Videotaped deposition transcripts viewed at trial shall be filed electronically with the Clerk's Office and made a part of the record.  Counsel is responsible for providing the transcript to the Courtroom Deputy Clerk for this purpose.

    (ii)    <u>Exhibit Lists</u>. Counsel shall file an exhibit list in the form prescribed by the Court, a copy of which is attached to this Order (**Attachment #1**).  Counsel shall supply the exhibit number and exhibit description.  The remaining boxes shall be left blank for the Courtroom Deputy Clerk.

(iii)    <u>Exhibit Markers</u>. Counsel shall fill in the appropriate markers, copies of which are attached to this Order (**Attachment #2**). Counsel shall leave the "Date Entered" and "Deputy Clerk" lines blank.

Each exhibit shall be assigned a number using prefix "P" for plaintiff and "D" for defendant. Thus:

(a)    Plaintiff's exhibits should be denoted as "P-1, P-2, etc."

(b)    Defendant's exhibits should be denoted as "D-1, D-2, etc."

(c)    In cases involving multiple parties, the exhibits shall be denoted with the initial of the last name of the party and its numerical identification number.

**<u>NOTE</u>:**    Markers should be affixed whenever possible to the lower right-hand corner of the exhibit. If doing so would cover information on the exhibit, the marker should instead be affixed to the *reverse side* of the exhibit. Each exhibit shall bear an exhibit number in the upper right-hand corner (P-1, P-2, etc., or "D-1, D-2, etc.").

(D)    <u>Motions *in limine*</u>. Counsel shall file any motions *in limine* by the date and time set forth in ¶ 4, *supra*. Motions must include citations to the applicable rules of evidence and relevant case law. Responses, if any, shall be filed by the response deadline set forth in ¶ 4, *supra*.

**<u>NOTE</u>:**    **<u>Motions *in limine* may not otherwise be filed without leave of Court.</u>**

(E)    <u>Depositions</u>. All deposition transcripts and videotaped depositions to be used at trial shall be brought to Court on the day of trial. Not less than **four weeks** prior to the trial date, each party shall indicate to the opposing party the portion of any video deposition to be offered.

To the extent possible, objections should be resolved between the parties. In the case of a dispute, counsel shall forward to Judge Brindisi's Courtroom Deputy Clerk the **disputed** portions of any deposition transcript (including transcripts of any videotaped depositions) intended to be used at trial at least **<u>one week</u>** before the Final Pre-Trial Conference (*see* ¶ 3, *supra*) so the Court may make a ruling.

**<u>NOTE</u>:**    **The parties must provide an edited or "redacted" version of any video to be shown to the jury at trial; *i.e.*, with portions ruled inadmissible deleted.** The Court will not start and stop a video during trial to omit sections of a longer video. Counsel must provide the Court with a copy of the "redacted" transcript of any videotaped deposition testimony that is put into evidence. This

redacted transcript shall be made a part of the record for filing
electronically with the Clerk's Office.

(F)  <u>Trial Briefs</u>.  Counsel shall file a trial brief that contains a brief summary of the
party's anticipated proof at trial, forecasts any evidentiary issues that are expected
to arise, and includes argument on any disputed issues of law, with supporting
citations to the applicable rules of evidence and relevant case law.

(G)  <u>Proposed Jury Instructions / Special Verdict Form</u>.  Counsel shall file proposed
jury instructions and, if appropriate, a proposed special verdict form.  Proposed
instructions must include the language of the proposed charge(s) that the party
seeks to have included in the Final Jury Instructions.  A filing that only lists the
section number and/or title of proposed charge(s) from a resource (*e.g.*, a pattern
jury instruction) will be rejected.  A copy of these filings should be sent by e-mail
in Microsoft Word format to Judge Brindisi's Courtroom Deputy Clerk at
<u>Zachary_Cortese@nynd.uscourts.gov</u>.

> **<u>NOTE</u>**:     If one or more defendants intend to assert the affirmative defense
> of qualified immunity, defense counsel must submit a proposed
> special verdict form with proposed special interrogatories; *i.e.*,
> appropriate questions of fact for the jury that can be used to aid the
> Court's resolution of the qualified immunity defense.

(H)  <u>Proposed Voir Dire</u>.  Counsel shall submit a numbered list of questions that the
Court, in the exercise of its discretion, may use during jury selection.  A copy of
this filing should be sent by e-mail in Microsoft Word format to Judge Brindisi's
Courtroom Deputy Clerk at <u>Zachary_Cortese@nynd.uscourts.gov</u>.

(I)  <u>Court-Ordered Voir Dire</u>.  Counsel shall complete and submit the Court-Ordered
Voir Dire attached to this Order (**Attachment #3**).

(J)  <u>Courtroom Technology</u>.  The Utica courtroom has a visual evidence presenter, a
VHS/DVD combo unit, HDMI connections for laptops, and interpreter/hearing-
impaired headsets.  The Court does not have an Apple-branded cable converter
and attorneys using Apple-branded laptops will need to provide their own cables.
The DVD player will play non-proprietary DVD formats (e.g., .avi, .mp3, .mp4,
and .wmv).

The visual evidence presenter will display documents, photos, objects, x-rays, and
electronic presentations on monitors visible to the gallery and on screens in the
jury box.  The podium of the visual evidence presenter includes a laptop hookup.
There are touchscreen monitors at the podium and at the witness stand.  Counsel
are encouraged to utilize the visual evidence presenter to publish exhibits to the
jury.

**NOTE:**     The Court does not provide an IT technician during trial.  Counsel is responsible for learning how to use the equipment **prior** to the first day of trial.  Counsel is also responsible for confirming that any video to be played during the trial (including any videotaped deposition testimony) is compatible with the Court's equipment **prior** to the first day of trial.

For further information on the use of this equipment or to make arrangements for IT training, contact Judge Brindisi's Courtroom Deputy Clerk.  Additional courtroom technology information may be obtained on the court's webpage: www.nynd.uscourts.gov.

**IT IS SO ORDERED.**

Dated:  June 4, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge

Attachment #1 (Exhibit List)
Attachment #2 (Exhibit Markers)
Attachment #3 (Court-Ordered Voir Dire)

Page 1 of _____

United States District Court
For The Northern District Of New York Case

No. _____

Date: _____

Presiding Judge: _____

( ) Plaintiff                          ( ) Defendant                          ( ) Court

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date):_____Signature:_____

Page _____ of ____

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date):_____Signature:_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____
PLAINTIFF EXHIBIT NO. _____
DATE ENTERED _____

JOHN M. DOMURAD, CLERK
BY: _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____
DEFENDANT EXHIBIT NO. _____
DATE ENTERED _____

JOHN M. DOMURAD, CLERK
BY: _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____
PLAINTIFF EXHIBIT NO. _____
DATE ENTERED _____

JOHN M. DOMURAD, CLERK
BY: _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____
DEFENDANT EXHIBIT NO. _____
DATE ENTERED _____

JOHN M. DOMURAD, CLERK
BY: _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____
PLAINTIFF EXHIBIT NO. _____
DATE ENTERED _____

JOHN M. DOMURAD, CLERK
BY: _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____
DEFENDANT EXHIBIT NO. _____
DATE ENTERED _____

JOHN M. DOMURAD, CLERK
BY: _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____
PLAINTIFF EXHIBIT NO. _____
DATE ENTERED _____

JOHN M. DOMURAD, CLERK
BY: _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____
DEFENDANT EXHIBIT NO. _____
DATE ENTERED _____

JOHN M. DOMURAD, CLERK
BY: _____
DEPUTY CLERK

ATTACHMENT # 3

**COURT ORDERED VOIR DIRE**
(to be used by the Judge at trial)


CASE TITLE:
CIVIL ACTION NO.:
DISTRICT JUDGE:



Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court one week in advance of the trial ready date.

NAMES AND ADDRESSES OF ALL PARTIES TO THE LAWSUIT:



(use additional page if necessary)

YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.



(use additional page if necessary)

SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION.







(use additional page if necessary)

-1-

SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE CALLED.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREAS OF EXPERTISE.

(use additional page if necessary)

-2-

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF ACTION IN THE COMPLAINT.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE ASSERTED AS WELL AS A STATEMENT ADDRESSING ANY COUNTERCLAIMS RAISED IN THE ANSWER.

(use additional page if necessary)

– – – – – – – – – – – – – – – – – -

PLEASE TAKE NOTICE that any delay in jury selection occasioned by the failure to provide this information which causes a one (1) day or more postponement of this trial, appropriate monetary sanctions may be imposed by the Court.

Submitted by:
Date: